UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**POLYMERIC RESOURCES CORPORATION**, A New Jersey corporation, and **CUSTOM RESINS, INC.**, a Kentucky corporation,

    Plaintiffs.

v

**DONN DUMOUCHELLE**, an individual Michigan resident, **LINDA DUMOUCHELLE**, an individual Michigan resident, and **CUSTOM RESINS, INC.**, a Michigan corporation,

    Defendants.

Case No. 2:10-cv-14713

Hon. Victoria A. Roberts

Magistrate Judge: Virginia M. Morgan

| | |
|---|---|
| **MICHAEL R. WERNETTE** (P55659)<br>Attorney for Plaintiffs<br>SCHAFER AND WEINER, PLLC<br>40950 Woodward Avenue<br>Suite 100<br>Bloomfield Hills, Michigan 48304<br>(248) 540-3340<br>mwernette@schaferandweiner.com | **DENNIS M. RAUSS** (P27951)<br>Attorney for Defendants<br>GIARMARCO, MULLINS & HORTON, P.C.<br>Tenth Floor Columbia Center<br>101 West Big Beaver Road<br>Troy, Michigan 48084-5280<br>(248) 457-7000<br>drauss@gmhlaw.com |

## DEFENDANTS' ANSWER TO COMPLAINT

**NOW COME** Defendants, Donn Dumouchelle, Linda Dumouchelle and Custom Resins, Inc., through their attorneys, Giarmarco, Mullins & Horton, P.C., and answer the Complaint as follows:

### THE PARTIES

1.    Defendants are without sufficient information to form a belief as to the truth or falsity of this allegation.

1

2. Defendants are without sufficient information to form a belief as to the truth or falsity of this allegation.

3. Defendants are without sufficient information to form a belief as to the truth or falsity of this allegation.

4. Admitted.

5. Admitted.

6. Admitted.

## JURISDICTION AND VENUE

7. Defendants' deny this allegation as untrue because Plaintiffs' damages, if any, do not exceed $75,000.00.

8. Admitted.

## THE NATURE OF PLAINTIFFS' BUSINESS OPERATIONS

9. Defendants are without sufficient information to form a belief as to the truth or falsity of this allegation.

10. Defendants are without sufficient information to form a belief as to the truth or falsity of this allegation.

11. Defendants are without sufficient information to form a belief as to the truth or falsity of this allegation.

## THE DEFENDANTS

12. Defendant Donn Dumouchelle admits that he has worked for years as a Manufacturer's Representative for various manufacturers including Plaintiffs. Defendant Donn Dumouchelle also admits that there are two (2) Agreements appended to Plaintiffs' Complaint.

13. Defendant Donn Dumouchelle admits that he incorporated Defendant Custom Resins, Inc., a Michigan corporation in connection with the performance of his duties as a Manufacturer's Representative.

14. Defendant Donn Dumouchelle admits that Exhibit 1 is appended to the Complaint and that said document speaks for itself.

15. Defendant Donn Dumouchelle admits that Exhibit 1 is appended to the Complaint and that said document speaks for itself.

16. Defendant Donn Dumouchelle admits that Exhibit 1 is appended to the Complaint and that said document speaks for itself.

17. Defendant Donn Dumouchelle admits that Exhibit 1 is appended to the Complaint and that said document speaks for itself.

18. Defendants deny these allegations because they are untrue.

**PLAINTIFFS' TRADE SECRETS AND CONFIDENTIAL INFORMATION**

19. Defendant Donn Dumouchelle denies these allegations because they are untrue. Indeed, it was Defendant Donn Dumouchelle's trade secrets and confidential information which were misappropriated by Plaintiffs.

20. Defendant Donn Dumouchelle denies these allegations because they are untrue. By way of further answer, Defendant Donn Dumouchelle states that it was his confidential information and trade secrets which were misappropriated by Plaintiffs.

21. Defendant Donn Dumouchelle denies these allegations because they are untrue. By way of further answer, Defendant Donn Dumouchelle states that it was Plaintiffs who misappropriated his trade secrets.

22. The Defendants deny these allegations because they are untrue. By way of further answer, Defendants state that it is Defendants Donn Dumouchelle and C R Michigan's trade secrets and confidential information which have this value.

23. Defendants deny these allegations because they are untrue.

### MISAPPROPRIATION OF PLAINTIFFS' TRADE SECRETS AND CONFIDENTIAL INFORMATION

24. Defendant Donn Dumouchelle admits suffering said stroke on or about November 2009 but denies the remainder of these allegations because they are untrue.

25. Defendant denies these allegations because they are untrue. By way of further answer, Defendant Donn Dumouchelle has historically utilized sub-agents for all his business including, but not limited to, the business he did with Plaintiffs.

26. Defendant Linda Dumouchelle admits that she assisted her husband, however she denies the remainder of these allegations because they are untrue.

27. Defendant Linda Dumouchelle denies these allegations because they are untrue.

28. Defendants deny these allegations because they are untrue.

29. Defendants admit that Plaintiffs indicated that they would engage in such discussions but have never made an offer to wind up the business with them. Defendants are without sufficient information to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph.

30. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations regarding what Plaintiffs believe. By way of further

answer, Defendants deny that they were ever expected to make the "first offer". It was Defendants' understanding that Plaintiffs would make them an offer.

31. Defendants are without sufficient information to form a belief as to the truth or falsity of these allegations about what Plaintiffs were informed by a third person. By way of further answer, Defendants state that they did relocate certain items from the office to their home, which items belong to them.

32. Defendants deny these allegations because they are untrue.

33. Defendants are without sufficient information to form a belief as to the truth or falsity of these allegations regarding what phone calls, if any, Plaintiffs' representative, Ronald Bailey, received on this date.

34. Defendants are without sufficient information to form a belief as to the truth or falsity of these allegations regarding communications between persons other than themselves.

35. Defendants deny these allegations because they are untrue.

36. Defendants deny these allegations because they are untrue.

37. Defendants deny these allegations because they are untrue.

38. Defendants deny these allegations because they are untrue.

## COUNT I.

**MISAPPROPRIATION OF TRADE SECRETS AND CONFIDENTIAL INFORMATION**

39. Defendants incorporate by reference their previous answers.

40. Defendant Linda Dumouchelle denies these allegations because they are untrue because she never had any contractual or other relationship with Plaintiffs. Defendants Donn Dumouchelle and CR Michigan admit that whatever duties arose by

operation of contract or law applied however, the same duties also applied to Plaintiffs in connection with their relationships with said Defendants.

41. This allegation requires no response inasmuch as it represents the pleading of a legal conclusion.

42. This allegation requires no response inasmuch as it represents the pleading of a legal conclusion.

43. This allegation requires no response inasmuch as it represents the pleading of a legal conclusion.

44. Defendants deny these allegations because they are untrue.

45. Defendants deny these allegations because they are untrue.

## COUNT II.

### INJUNCTIVE RELIEF

46. Defendants incorporate their previous answers.

47. Defendants deny these allegations because they are untrue.

48. Defendants deny these allegations because they are untrue.

49. Defendants deny these allegations because they are untrue.

50. Defendants deny these allegations because they are untrue.

51. Defendants deny that the removed documents are covered by the Agreements.  By way of further answer, Defendants state that said Agreements speak for themselves.

52. Defendants deny these allegations because they are untrue.

53. Defendants deny these allegations because they are untrue.

54. Defendants admit that they received no prior notice of the filing of the Request for Ex Parte Preliminary Injunctive Relief and further state that said failure to

so notify them was inappropriate under the circumstances of this matter where Defendants were known to be represented by counsel.

55. Defendants deny these allegations because they are untrue.

## COUNT III.

## BREACH OF CONTRACT

56. Defendants incorporate by reference their previous answers.

57. Defendant Donn Dumouchelle denies this allegation because it is untrue.

58. Defendants deny these allegations because they are untrue.

## AFFIRMATIVE DEFENSES

1. Defendant Linda Dumouchelle had no relationship, contractual or otherwise, with Plaintiffs and Plaintiffs have failed to state any claim against her.

2. Plaintiffs' claims and damages have been rendered moot by the agreement of the parties which was memorialized in the Stipulated Preliminary Injunction entered on December 3, 2010.

3. Plaintiffs' claims are barred by Plaintiffs' unclean hands.

4. Plaintiffs' claims are barred by the doctrine of estoppel.

5. All monies owed to Defendants by Plaintiffs must be set off against any award of damages to Plaintiffs.

6. Defendants are entitled to a setoff based upon the claims contained in the Counterclaim filed herewith.

7. The alleged November 24, 2010 buyout of Custom Resins MI for $1.00 pursuant to the 1995 Independent Contractor Agreement is ineffective because the 1995 Agreement was superseded by the 1996 Agreement which does not contain a similar buyout clause.

8. Any claim regarding the alleged buyout of C R Michigan violates the Statute of Frauds.

9. The agreement containing the alleged buyout of C R Michigan was never signed by anyone in a representative capacity on behalf of C R Michigan.

10. Any claim regarding the alleged buyout of C R Michigan is barred by the applicable Statute of Limitations.

11. The February 23, 1995 Independent Contractor Agreement is null and void.

12. The prerequisites to the award of any injunctive relief (e.g. irreparable harm) do not exist and no injunctive relief should be granted.

13. No contractual or statutory basis for an award of attorney's fees has been pled and, consequently, no attorney's fees should be awarded.

14. Plaintiffs have failed to mitigate their damages.

**WHEREFORE**, Defendants respectfully request that this Court enter an Order Dismissing the Verified Complaint for Temporary Restraining Order, Preliminary Injunction, and for Damages with prejudice and further awarding Defendants their costs, reasonable attorney's fees and any other relief the Court deems just and proper.

Dated: February 1, 2011

**GIARMARCO, MULLINS & HORTON, P.C.**

/s/ Dennis M. Rauss   (P27951)
**DENNIS M. RAUSS** (P27951)
Attorneys for Defendants
Tenth Floor Columbia Center
101 West Big Beaver Road
Troy, Michigan 48084-5280
(248) 457-7000
drauss@gmhlaw.com

W:\Rauss\Dumouchelle\Answer to Complaint.docx

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**POLYMERIC RESOURCES CORPORATION**, A New Jersey corporation, and **CUSTOM RESINS, INC.**, a Kentucky corporation,

    Plaintiffs and Counter-Defendants,

v

**DONN DUMOUCHELLE**, an individual Michigan resident, **LINDA DUMOUCHELLE**, an individual Michigan resident, and **CUSTOM RESINS, INC.**, a Michigan corporation,

    Defendants and Counter-Plaintiffs.

Case No. 2:10-cv-14713

Hon. Victoria A. Roberts

Magistrate Judge: Virginia M. Morgan

---

| **MICHAEL R. WERNETTE** (P55659)<br>Attorney for Plaintiffs<br>SCHAFER AND WEINER, PLLC<br>40950 Woodward Avenue<br>Suite 100<br>Bloomfield Hills, Michigan 48304<br>(248) 540-3340<br>mwernette@schaferandweiner.com | **DENNIS M. RAUSS** (P27951)<br>Attorney for Defendants<br>GIARMARCO, MULLINS & HORTON, P.C.<br>Tenth Floor Columbia Center<br>101 West Big Beaver Road<br>Troy, Michigan 48084-5280<br>(248) 457-7000<br>drauss@gmhlaw.com |
|---|---|

## COUNTERCLAIM

**NOW COME** Defendants and Counter-Plaintiffs, Donn Dumouchelle, Linda Dumouchelle and Custom Resins, Inc., through their attorneys, Giarmarco, Mullins & Horton, P.C., and state for their Counterclaims against Plaintiffs and Counter-Defendants, Polymeric Resources Corporation and Custom Resins, Inc., as follows:

1

## THE PARTIES, JURISDICTION AND VENUE

1. Counter-Plaintiff Donn Dumouchelle is an individual whom resides in Oakland County, Michigan.

2. Counter-Plaintiff Linda Dumouchelle is an individual whom resides in Oakland County, Michigan.

3. Counter-Defendant Polymeric Resources Corporation (hereinafter "Polymeric") is a New Jersey Corporation which does business in the State of Michigan.

4. Counter-Defendant Custom Resins, Inc. is a Kentucky Corporation which does business in the State of Michigan.

5. This Court has jurisdiction in this matter pursuant to 28 USC § 1332 because there is complete diversity of citizenship between the Plaintiffs and Defendants and the amount in controversy in this Counterclaim exceeds $75,000.00, exclusive of interest, costs and attorneys' fees.

6. Venue is proper pursuant to 28 USC § 1391(a) because a substantial part of the events or omissions giving rise to the Counterclaims occurred in this Judicial District.

## GENERAL ALLEGATIONS

7. For many years, Counter-Plaintiff Donn Dumouchelle acted as a Manufacturer's Representative for Plaintiffs pursuant to contracts appended to the Verified Complaint in this matter.

8. For years, Donn Dumouchelle utilized subagents in his Manufacturer's Representative Business in particular in connection with the sales work he did for Counter-Defendants.

2

9. In November, 2009, Counter-Plaintiff Donn Dumouchelle suffered a stroke, however, his sales representative's business continued through his subagents and with the assistance of his wife, Counter-Plaintiff Linda Dumouchelle.

10. In the fall of 2010, Counter-Defendants made overtures to Counter-Plaintiffs that they would like to buy Counter-Plaintiffs' business from them.

11. On November 24, 2010, Counter-Defendants unilaterally and without justification, cause or compensation, terminated Counter-Plaintiff Donn Dumouchelle's Agreement with Counter-Defendants.

12. The foregoing allegations apply to each of the accounts hereinafter stated.

## COUNT I

## BREACH OF CONTRACT

13. Counter-Defendants breached the July 30, 1996 Agent Agreement by:

A. Terminating the Agreement without cause;

B. Failing to timely terminate the contract within the sixty (60) day period prior to April 1 of any year.

C. Failing to pay Counter-Plaintiff for all of the monies he earned prior to the alleged termination.

D. Failing to pay Counter-Plaintiff the compensation he was entitled to upon and after termination;

E. Failing to account to Counter-Plaintiff, fully and accurately, for all sales he was entitled to receive commissions on; and

F. Failing to pay other expenses required by the Agreement.

14. As a consequence of Counter-Defendants' Breach of Contract, Counter-Plaintiffs have incurred damages in excess of seventy-five thousand ($75,000.00)

dollars including: lost commissions; lost expense reimbursement and rent which has required them to close their office; and the destruction of C R Michigan.

**WHEREFORE**, Counter-Plaintiffs pray for a Judgment against Counter-Defendants in an amount equal to all damages which Counter-Plaintiffs have incurred as a consequence of Counter-Defendants' Breach of Contract with statutory interest thereon and that this Court further award Counter-Plaintiffs their costs, attorneys' fees and any other relief the Court deems just and proper.

### COUNT II.

### VIOLATION OF MICHIGAN SALES COMMISSION ACT, MCLA 600.2961

15. Counter-Defendants knowingly and intentionally failed to pay Counter-Plaintiff Donn Dumouchelle the commissions owed to him both prior to and after his alleged termination within forty-five (45) days in violation of the Michigan Sales Commission Act, MCLA 600.2961.

16. As a consequence of Counter-Defendants' violation of the Michigan Sales Commission Act, Counter-Plaintiff Donn Dumouchelle is entitled to the following damages:

> "(5) A principal who fails to comply with this section is liable to the sales representative for both of the following:
> (a) Actual damages caused by the failure to pay the commissions when due.
> (b) If the principal is found to have intentionally failed to pay the commission when due, an amount equal to 2 times the amount of commissions due but not paid as required by this section or $100,000.00, whichever is less.
> (6) If a sales representative brings a cause of action pursuant to this section, the court shall award to the prevailing party reasonable attorney fees and court costs." MCLA 600.2961(5) and (6).

4

**WHEREFORE**, Counter-Plaintiffs pray that this Court grant them the following relief:

A. Order Counter-Defendants to furnish to Counter-Plaintiffs a complete accounting for all sales activities and commissions paid to any persons for all accounts which Counter-Plaintiff Donn Dumouchelle represented prior to his improper termination;

B. Enter a Judgment against Counter-Defendants in an amount equal to all damages and commissions which Counter-Plaintiff Donn Dumouchelle is entitled to and that this amount be doubled to an amount equal to two (2) times the amount of unpaid commissions up to $100,000.00 pursuant to the Michigan Sales Commissions Act, MCLA 600.2961(5)(b); and

C. Award Counter-Plaintiffs their costs, attorneys' fees pursuant to MCLA 600.2961(6) and any other relief the Court deems just and proper.

Dated: February 1, 2011    **GIARMARCO, MULLINS & HORTON, P.C.**

/s/ Dennis M. Rauss   (P27951)
**DENNIS M. RAUSS** (P27951)
Attorneys for Defendants/Counter-Plaintiffs
Tenth Floor Columbia Center
101 West Big Beaver Road
Troy, Michigan 48084-5280
(248) 457-7000
drauss@gmhlaw.com

W:\Rauss\Dumouchelle\Answer to Complaint.docx

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**POLYMERIC RESOURCES CORPORATION**, A New Jersey corporation, and **CUSTOM RESINS, INC.**, a Kentucky corporation,

       Plaintiffs.

v

**DONN DUMOUCHELLE**, an individual Michigan resident, **LINDA DUMOUCHELLE**, an individual Michigan resident, and **CUSTOM RESINS, INC.**, a Michigan corporation,

       Defendants.

Case No. 2:10-cv-14713

Hon. Victoria A. Roberts

Magistrate Judge: Virginia M. Morgan

| **MICHAEL R. WERNETTE** (P55659) | **DENNIS M. RAUSS** (P27951) |
|---|---|
| Attorney for Plaintiffs | Attorney for Defendants |
| SCHAFER AND WEINER, PLLC | GIARMARCO, MULLINS & HORTON, P.C. |
| 40950 Woodward Avenue | Tenth Floor Columbia Center |
| Suite 100 | 101 West Big Beaver Road |
| Bloomfield Hills, Michigan 48304 | Troy, Michigan 48084-5280 |
| (248) 540-3340 | (248) 457-7000 |
| mwernette@schaferandweiner.com | drauss@gmhlaw.com |

## JURY DEMAND OF DEFENDANTS AND COUNTER-PLAINTIFFS

**NOW COME** Defendants and Counter-Plaintiffs, Donn Dumouchelle, Linda Dumouchelle and Custom Resins, Inc., through their attorneys, Giarmarco, Mullins & Horton, P.C., and demand that all issues in this matter be tried by a Jury.

1

| | |
|---|---|
| Dated: February 1, 2011 | **GIARMARCO, MULLINS & HORTON, P.C.**<br><br>    /s/    Dennis M. Rauss    (P27951)<br>**DENNIS M. RAUSS** (P27951)<br>Attorneys for Defendants/Counter-Plaintiffs<br>Tenth Floor Columbia Center<br>101 West Big Beaver Road<br>Troy, Michigan 48084-5280<br>(248) 457-7000<br>drauss@gmhlaw.com |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Polymeric Resources Corporation, et al.

          Plaintiff(s),          Case No. 2:10-cv-14713

v.          Judge Victoria A. Roberts

Donn Dumouchelle, et al.          Magistrate Judge Virginia M. Morgan

          Defendant(s).
_____/

## STATEMENT OF DISCLOSURE
## OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST

Pursuant to E. D. Mich. LR 83.4, Defendant Custom Resins, Inc.

makes the following disclosure: *(NOTE: A negative report, if appropriate, is required.)*

1. Is said corporate party a subsidiary or affiliate of a publicly owned corporation?

   Yes ☐    No ☑

   If the answer is yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party.

   Parent Corporation/Affiliate Name:
   Relationship with Named Party:

2. Is there a publicly owned corporation or its affiliate, not a party to the case, that has a substantial financial interest in the outcome of the litigation?

   Yes ☐    No ☑

   If the answer is yes, list the identity of such corporation or affiliate and the nature of the financial interest.

   Parent Corporation/Affiliate Name:
   Nature of Financial Interest:

Date: February 1, 2011          /s/ Dennis M. Rauss (P27951)
                                                  Dennis M. Rauss

                                                  P27951
                                                  Giarmarco, Mullins & Horton, P.C.
                                                  Tenth Floor Columbia Center
                                                  101 West Big Beaver Road
                                                  Troy, Michigan 48084-5280
                                                  (248) 457-7000
                                                  drauss@gmhlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**POLYMERIC RESOURCES CORPORATION**, A New Jersey corporation, and **CUSTOM RESINS, INC.**, a Kentucky corporation,

    Plaintiffs,

v

**DONN DUMOUCHELLE**, an individual Michigan resident, **LINDA DUMOUCHELLE**, an individual Michigan resident, and **CUSTOM RESINS, INC.**, a Michigan corporation,

    Defendants.

Case No. 2:10-cv-14713

Hon. Victoria A. Roberts

Magistrate Judge: Virginia M. Morgan

| **MICHAEL R. WERNETTE** (P55659) | **DENNIS M. RAUSS** (P27951) |
|---|---|
| Attorney for Plaintiffs | Attorney for Defendants |
| SCHAFER AND WEINER, PLLC | GIARMARCO, MULLINS & HORTON, P.C. |
| 40950 Woodward Avenue | Tenth Floor Columbia Center |
| Suite 100 | 101 West Big Beaver Road |
| Bloomfield Hills, Michigan 48304 | Troy, Michigan 48084-5280 |
| (248) 540-3340 | (248) 457-7000 |
| mwernette@schaferandweiner.com | drauss@gmhlaw.com |

## CERTIFICATE OF SERVICE

**DENNIS M. RAUSS** states that on the 1st day of February, 2011, copies of Defendants' Answer to Complaint, Counterclaim, Jury Demand of Defendants and Counter-Plaintiffs, Statement of Disclosure of Corporate Affiliations and Financial Interest, and this Certificate of Service, were served via regular mail and e-mail, upon:

**MICHAEL R. WERNETTE, ESQ.**
SCHAFER AND WEINER, PLLC
40950 Woodward Avenue, Suite 100
Bloomfield Hills, Michigan 48304

1

the same being his last known street address and e-mail address.

I declare under penalty of perjury that the above-statements are true to the best of my knowledge, information and belief.

/s/ Dennis M. Rauss (P27951)
**DENNIS M. RAUSS** (P27951)
Attorneys for Defendants/Counter-Plaintiffs

W:\Rauss\Dumouchelle\Certificate of Svc - Answer, etc.docx

2