UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

POLYMERIC RESOURCES CORP.,
et al.,

                    Plaintiffs,

v.                                               CASE NUMBER: 10-14713
                                                 HONORABLE VICTORIA A. ROBERTS
DONN DUMOUCHELLE, et al.,

                    Defendants.

**--AND**--

DONN DUMOUCHELLE,

                    Counter-Plaintiff,

v.

POLYMERIC RESOURCES CORP.,
et al.,

                    Counter-Defendants.

**-- AND --**

DONN DUMOUCHELLE, et al.,

                    Third-Party Plaintiffs,

v.

JEREMY BLEIM,

                    Third-Party Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION (DOC. 97) AND DENYING IN PART
AND DEEMING MOOT IN PART DEFENDANTS' MOTION (DOC. 90)**

**I.     INTRODUCTION**

        Two motions are before the Court: (1) Plaintiffs/Counter-Defendants' ("Plaintiffs")

Motion to Dismiss Counterclaim and Third Party Complaint and For Other Relief

("Plaintiffs' Motion"; Doc. #97); and (2) Defendants' Motion for Protective Order and to

Compel and Extend Discovery ("Defendants' Motion"; Doc. # 90).  Both motions are fully

briefed.

Plaintiffs' Motion is **GRANTED IN PART** and **DENIED IN PART**.  Defendants'

Motion is **DENIED IN PART** and **MOOT IN PART**.  The Court orders the following:

(1) Discovery is extended to January 10, 2014.  No additional extensions will be given.

(2) Defendants must produce all documents listed in Plaintiffs' May 3, 2013 email to Mr. Rauss (*see Plaintiffs' Motion*, Exhibit 43); Defendant must also produce all information in response to interrogatories listed in Plaintiffs' May 3, 2013 email to Mr. Rauss (*see Plaintiffs' Motion*, Exhibit 44).  Defendants must produce all documents and responses to interrogatories no later than December 3, 2013.

(3) Defendants must produce for deposition Linda Dumouchelle, Jeffrey Moorfoot, Dr. Christopher Wilhelm, and any other person who treated or examined Donn Dumouchelle after his stroke that Plaintiffs wish to depose.  Defendants must produce these individuals for deposition no later than December 20, 2013, and as early as November 21, 2013.

(4) Plaintiffs must produce documents in response to Defendants' Second Request for Production of Documents, but only to the extent described in Plaintiffs May 6, 2013 discovery proposal email (*see Plaintiffs' Motion*, Exhibit 45), which was in response to Defendants' discovery "wish list."  Plaintiffs must produce these documents no later than December 3, 2013.

(5) Defendants cannot depose Ron Bailey or Jerry Teets a second time. Defendants may depose Jeremy Bleim regarding the third party complaint, and may also depose Herman Friedman and Solomon Schlesinger.  Plaintiffs must produce these three individuals for deposition by the end of discovery.

(6) Defendants may depose Robert Hrckovian.  Plaintiffs are not responsible for producing Mr. Hrckovian for deposition.

(7) Defendants cannot seek any additional discovery beyond what is listed in the preceding paragraphs numbered (4), (5), and (6).

2

(8) Any objections to the foregoing discovery requests are deemed waived.

(9) If either party fails to produce the foregoing discovery or an individual for deposition in a timely manner, the Court will allow the opposing party to move for sanctions, including dismissal and attorney fees.

## II.   BACKGROUND

Discovery throughout this litigation has been long and contentious.  The Court has issued several discovery orders.  On October 9, 2012, Magistrate Judge Whalen issued a discovery Order which required Defendants to respond, without objection, to all of Plaintiffs' outstanding interrogatories and requests for production of documents. (Doc. # 74).  Defendants produced some of the responsive discovery, but failed to make a full production, as ordered.  (*See Plaintiffs' Motion*, Exhibits 43-44; Docs. # 97-44, 97-45).

On April 23, 2013, the Court entered an Order requiring the parties to:

> meet before the end of April to attempt to work out these discovery issues, and submit an order concerning the resolution by May 7, 2013.  In the alternative – if a resolution cannot be agreed to – the parties must submit a joint letter to the Court by that date outlining the outstanding issues.

(Doc. # 87).  The parties discussed the outstanding discovery issues but were unable to resolve all of them.

On May 2, 2013, Defendants' counsel, Mr. Rauss, sent Plaintiffs' counsel, Mr. Wernette, an email containing Defendants' discovery "wish list."  (*See Plaintiffs' Response to Defendants' Motion*, Exhibit 4; Doc. # 93-5).   In this email, Mr. Rauss said Defendants wanted: (1) all responsive documents to Defendants' Request for Production of Documents dated February 28, 2013; and (2) to depose six individuals – Sol Schlesinger, Herman Friedman, Ron Bailey, Jeremy Bleim, Jerry Teets, and Robert

3

Hrckovian. (*Id.*). Mr. Wernette responded to this email on May 6, 2013, and objected to

the document production as overly broad in scope. (*See id.*). As a compromise, Mr.

Wernette proposed Plaintiffs produce a narrower scope of documents. (*See id.*). In

addition, because Defendants already deposed Mr. Teets and Mr. Bailey, Plaintiffs

objected to their depositions. (*See id.*). Plaintiffs agreed to allow Mr. Bleim's

deposition; but, Plaintiffs said it must be limited to questions concerning the third party

complaint against him, since Defendants previously deposed him regarding other

matters. (*Id.*).

On May 3, 2013, Mr. Wernette sent Mr. Rauss two emails outlining the discovery

Plaintiffs sought. The first email concerned certain document production Plaintiffs

considered incomplete; the second email contained a list of individuals Plaintiffs planned

to depose and a list of interrogatory answers Plaintiffs considered inadequate. (*See*

*Plaintiffs' Motion,* Exhibits 43-44; Docs. # 97-44, 97-45). Plaintiffs attached a detailed

list to each email describing the discovery sought and what Defendants produced. (*See*

*id.*). Defendants did not respond to Plaintiffs' emails.

On May 7, 2013, the parties submitted a joint letter to the Court summarizing the

discovery matters they agreed on and those that remained unresolved. (*See Plaintiffs'*

*Motion*, Exhibit 48; Doc. 97-49).

After submitting the letter to the Court, Plaintiffs tried resolving the outstanding

discovery issues with Defendants, but Mr. Rauss failed to respond. On May 15, 2013,

Mr. Wernette sent Mr. Rauss an email asking what Defendants' response was to: (1)

the two emails Mr. Wernette sent on May 3 outlining the remaining discovery Plaintiffs

sought; and (2) Mr. Wernette's May 6 email proposing documents Plaintiffs agreed to

4

produce on Defendants' "wish list." (*See Plaintiffs' Motion*, Exhibit 49; Doc. 97-50). On June 7, 2013 – after no response from Mr. Rauss – Mr. Wernette sent another email asking for Defendants' position on the outstanding discovery issues. (*See Plaintiffs' Motion*, Exhibit 50; Doc. 97-51). Mr. Rauss did not acknowledge or respond to either email.

On July 11, 2013, Plaintiffs issued Notices of Deposition for Mr. and Mrs. Dumouchelle. On July 12, 2013, Plaintiffs issued subpoenas to Dr. Christopher Wilhelm, Donn Dumouchelle's doctor, for deposition testimony and for Donn Dumouchelle's medical records. On July 19, 2013, having still not heard from Defendants, Mr. Wernette left Mr. Rauss a voice message asking whether Defendants intended to attend their depositions. Shortly after leaving the voice message, Mr. Wernette sent Mr. Rauss a follow-up email asking the same question. (*See Plaintiffs' Motion*, Exhibit 52; Doc. 97-53).

Mr. Rauss finally sent Mr. Wernette an email later that afternoon. However, instead of responding to Mr. Wernette's questions and attempting to resolve the ongoing discovery disputes in good faith, Mr. Rauss said:

> Cancel your videographer. I am filing a Motion for Protective Order and to Extend and Compel Discovery which you should be receiving shortly. I have noted your non-concurrence. Please call me to discuss this matter ... and let's see what we can work out.

(*See Plaintiffs' Motion*, Exhibit 53; Doc. 97-54). Despite Mr. Wernette's repeated attempts to resolve the discovery issues amenably and without court action, Mr. Rauss filed Defendants' Motion 31 minutes after sending his email – without discussing the issues with Mr. Wernette. (*Defendants' Motion*; Doc. # 90). This is one of the motions

before the Court.

In their motion, Defendants seek:

(1)    A protective order giving them more time to respond to and prepare for Mr. and Mrs. Dumouchelles' depositions and Dr. Wilhelm's deposition and records examination;

(2)    A protective order prohibiting Plaintiffs from deposing Donn Dumouchelle;

(3)    An order compelling Plaintiffs to respond to Defendants' Second Request for Production of Documents;

(4)    An order ruling on Defendants' January 11, 2013 motion (Doc. # 81); and

(5)    An order extending discovery 90 days, to October 31, 2013.

(*See Defendants' Motion*; Doc. # 90).

On July 29, 2013, after holding a telephone conference with the parties regarding outstanding discovery issues, the Court entered an Order: (1) allowing Plaintiffs to file a motion for sanctions against Defendants for failure to comply with discovery orders and failure to respond to Plaintiffs' discovery proposal emails; and (2) extending discovery to October 31, 2013.  (Doc. # 92).

On September 10, 2013, Plaintiffs filed the other motion before the court – Plaintiffs' Motion to Dismiss Counterclaim and Third Party Complaint and For Other Relief.  (*Plaintiffs' Motion*; Doc. # 97).  Plaintiffs ask the Court to enter an order: (1) dismissing Defendants' counterclaim and third party complaint; and (2) awarding attorney fees to Plaintiffs.  In the alternative, Plaintiffs ask the Court to impose sanctions on Defendants that it finds just and proper.  (*Id.*).

## III.    ANALYSIS

### A.    Plaintiffs' Motion for Sanctions

6

Plaintiffs repeatedly attempted to resolve the remaining discovery issues in good faith after submitting the joint letter to the Court, but Defendants' hindered progress by failing to respond. After sending multiple emails with no response, Plaintiffs attempted to proceed with discovery by noticing the depositions of Defendants and Dr. Wilhelm. At that point, Defendants finally reappeared. However, they did not reappear to resolve the remaining discovery issues in good faith. Rather, Defendants, in bad faith, filed their underlying discovery motion, which – once again – halted discovery.

Pursuant to its inherent power and power under Rule 37(b), the Court GRANTS IN PART and DENIES IN PART Plaintiffs' Motion, based on Defendants' failure to respond to Plaintiffs' discovery proposals, failure to prosecute, and failure to comply with Court orders. *See Chambers v. NASCO, Inc.*, 501 U.S. 31, 43-44 (1991); *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763-65 (1980); *Bentkowski v. Scene Magazine*, 637 F.3d 689, 696-97 (6th Cir. 2011); *see also* Fed. R. Civ. P. 37(b).

The Court orders the following:

(1) Discovery is extended to January 10, 2014. No additional extensions will be given.

(2) Defendants must produce all documents listed in Plaintiffs' May 3, 2013 email to Mr. Rauss (*see Plaintiffs' Motion*, Exhibit 43); Defendant must also produce all information in response to interrogatories listed in Plaintiffs' May 3, 2013 email to Mr. Rauss (*see Plaintiffs' Motion*, Exhibit 44). Defendants must produce all documents and responses to interrogatories no later than December 3, 2013.

(3) Defendants must produce for deposition Linda Dumouchelle, Jeffrey Moorfoot, Dr. Christopher Wilhelm, and any other person who treated or examined Donn Dumouchelle after his stroke that Plaintiffs wish to depose. Defendants must produce these individuals for deposition no later than December 20, 2013, and as early as November 21, 2013.

(4) Plaintiffs must produce documents in response to Defendants' Second Request for Production of Documents, but only to the extent described in Plaintiffs May

7

6, 2013 discovery proposal email (*see Plaintiffs' Motion*, Exhibit 45), which was in response to Defendants' discovery "wish list."  Plaintiffs must produce these documents no later than December 3, 2013.

(5) Defendants cannot depose Ron Bailey or Jerry Teets a second time. Defendants may depose Jeremy Bleim regarding the third party complaint, and may also depose Herman Friedman and Solomon Schlesinger.  Plaintiffs must produce these three individuals for deposition by the end of discovery.

(6) Defendants may depose Robert Hrckovian.  Plaintiffs are not responsible for producing Mr. Hrckovian for deposition.

(7) Defendants cannot seek any additional discovery beyond what is listed in the preceding paragraphs numbered (4), (5), and (6).

(8) Any objections to the foregoing discovery requests are deemed waived.

(9) If either party fails to produce the foregoing discovery or an individual for deposition in a timely manner, the Court will allow the opposing party to move for sanctions, including dismissal and attorney fees.

These sanctions are just and reasonable under the circumstances.  Defendants not only failed to negotiate the remaining discovery issues in good faith with Plaintiffs, but they failed to even acknowledge Plaintiffs' repeated attempts to resolve the issues. However, contrary to Plaintiffs' assertion, Defendants' conduct does not warrant the ultimate sanction of dismissal.  If Defendants fail, again, to produce the remaining discovery, dismissal may very likely be appropriate.

**B.    Defendants' Motion**

Defendants' motion is DENIED IN PART and deemed MOOT IN PART.  The first and fourths prongs of relief Defendants seek are moot because Donn Dumouchelle died after the motion was filed, and the Court already ruled on Defendants' January 11, 2013 motion – finding it moot.  (*See* Doc. # 85).  Defendants' fifth claim of relief, which asks to extend discovery to October 31, 2013, is also moot.

8

The second prong of relief Defendants seek is denied; Defendants have had adequate time to prepare for the depositions of Linda Dumouchelle and Dr. Wilhelm. Defendants' third claim of relief is also denied; the Court's above Order on Plaintiffs' Motion resolves the issue of Plaintiffs' response to Defendants' Second Request for Production of Documents.

## IV.     CONCLUSION

Plaintiffs' Motion to Dismiss Counterclaim and Third Party Complaint and For Other Relief is **GRANTED IN PART** and **DENIED IN PART**, as explained above.

Defendants' Motion for Protective Order and to Compel and Extend Discovery is **DENIED IN PART** and **MOOT IN PART**, as explained above.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  November 14, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 14, 2013.

S/Linda Vertriest
Deputy Clerk

9