UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

POLYMERIC RESOURCES CORP.,
a New Jersey corporation, and
CUSTOM RESINS, INC., a Kentucky corporation,

    Plaintiffs,

v.                                         Case Number: 10-14713
                                           Honorable Victoria A. Roberts

ESTATE OF DONN DUMOUCHELLE,
LINDA DUMOUCHELLE, and
CUSTOM RESINS, INC., a Michigan Corporation,

    Defendants.

------------------------------AND------------------------------

ESTATE OF DONN DUMOUCHELLE,

    Counter-Plaintiff,

v.

POLYMERIC RESOURCES CORP., and
CUSTOM RESINS, INC., a Kentucky corporation,

    Counter-Defendants.

------------------------------AND------------------------------

ESTATE OF DONN DUMOUCHELLE, and
CUSTOM RESINS, INC., a Kentucky corporation,

    Third-Party Plaintiffs,

v.

JEREMY BLEIM,

    Third-Party Defendant.
_____/

**ORDER DENYING DEFENDANTS' MOTION TO
DISMISS PLAINTIFFS' AMENDED COMPLAINT FOR
NONCOMPLIANCE WITH DISCOVERY ORDER (DOC. # 117)**

**I.   INTRODUCTION**

Before the Court is Defendants' Motion to Dismiss Plaintiffs' Amended Complaint for Noncompliance with Discovery Order.  (Doc. # 117).  After the matter was fully briefed, the Court ordered Plaintiffs to file a supplemental response to Defendants' reply brief; Plaintiffs filed its response on June 20, 2014.  The Court is satisfied with the parties' briefing; oral argument is waived under L.R. 7.1(f)(2).

Defendants' Motion to Dismiss is **DENIED**.

**II.   DISCUSSION**

On November 14, 2013, the Court entered an order requiring that, among other things, Plaintiffs produce certain documents in response to Defendants' Second Request for Production of Documents.   (*See* Doc. # 108).  Defendants say Plaintiffs violated the order by failing to produce documents for several categories of document requests.  They say the Court should dismiss Plaintiffs' Amended Complaint.

In response to the motion, Plaintiffs rely on the declaration and deposition of Polymeric's Vice President, Herman Friedman, who was the person in charge of coordinating the search for, and production of, documents responsive to Defendants' requests. (Doc. 127).  Mr. Friedman declares that he and all other pertinent personnel searched for documents, and that all documents located pursuant to the search process were produced.  At his deposition, which occurred after the documents were produced, he testified that Hurricane Irene destroyed many documents that were located at

Polymeric's New Jersey office; he also stated that they "produced all documents that we had."

Defendants replied to Plaintiffs' Response.  (Doc. # 138).  They say Plaintiffs should have electronic versions of many of the documents allegedly destroyed.  Particularly, Defendants say Polymeric's so-called "Sales Reports" were not produced, despite Ron Bailey, a Polymeric executive, testifying at his deposition that they were computer generated – and thus, stored electronically.  Defendants also point out that Mr. Bailey testified that he works either from his home in Atlanta, Georgia, or at his temporary office in Kentucky and that records he kept at those locations would not have been destroyed by the hurricane.  Finally, Defendants contend that Polymeric – as a multi-million dollar entity – would electronically store its financial records (e.g., W2's, Form 1099's, etc.).

After reviewing the briefs, the Court required Plaintiffs to file a supplemental response to Defendants' reply.  (*See* Doc. 143).  The Court ordered that the "response must be supported by sworn declaration(s) and must:

>   (1) Respond to Defendants' Reply;
>
>   (2) Thoroughly and specifically describe the search process
>   they undertook to locate documents responsive to
>   Defendants' requests.  Such description must include the
>   people who participated in the search and the locations
>   searched for responsive documents in both electronic and
>   hard-copy form; and
>
>   (3) Specifically describe their policy for maintaining electronic
>   copies of Sales Reports and financial records."

Plaintiffs timely filed their supplemental response.  (Doc. # 145).  The response addresses each of the requirements of the Court's order.  Specifically, Plaintiffs

submitted a detailed declaration of Mr. Friedman that explains the search process.

The Court is satisfied that Plaintiffs thoroughly searched their records – both electronic and hard-copy forms – and produced all responsive documents, in compliance with the Court order and their obligations under the Federal Rules of Civil Procedure. The Court finds no justification to dismiss Plaintiffs' Amended Complaint.

### III. CONCLUSION

Defendants' Motion to Dismiss Plaintiffs' Amended Complaint for Noncompliance with Discovery Order (Doc. # 117) is **DENIED**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: June 23, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 23, 2014.

s/Linda Vertriest
Deputy Clerk