UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

POLYMERIC RESOURCES CORP.,
a New Jersey corporation, and
CUSTOM RESINS, INC., a Kentucky corporation,

       Plaintiffs,

v.

ESTATE OF DONN DUMOUCHELLE,
LINDA DUMOUCHELLE, and
CUSTOM RESINS, INC., a Michigan Corporation,

       Defendants.

Case Number: 10-14713
Honorable Victoria A. Roberts

-----------------------------AND-----------------------------

ESTATE OF DONN DUMOUCHELLE,

       Counter-Plaintiff,

v.

POLYMERIC RESOURCES CORP., and
CUSTOM RESINS, INC., a Kentucky corporation,

       Counter-Defendants.

-----------------------------AND-----------------------------

ESTATE OF DONN DUMOUCHELLE, and
CUSTOM RESINS, INC., a Kentucky corporation,

       Third-Party Plaintiffs,

v.

JEREMY BLEIM,

       Third-Party Defendant.
_____/

**ORDER DISMISSING THIRD-PARTY COMPLAINT FOR LACK OF
JURISDICTION AND DEEMING MOOT THIRD-PARTY PLAINTIFFS'
<u>MOTION FOR SUMMARY JUDGMENT ON THIRD-PARTY CLAIM (DOC. # 118)</u>**

**I.    INTRODUCTION**

Before the Court is Third-Party Plaintiffs' Motion for Summary Judgment on their Breach of Covenant Not to Compete claim against Jeremy Bleim.  (Doc. # 118).  The motion is fully briefed.

While reviewing the Motion and the parties' briefs, the Court reviewed the Amended Third-Party Complaint (*see* Doc. # 41) and realized it may not have subject matter jurisdiction of Third-Party Plaintiffs' claims.  Thus, the Court raised the issue of subject matter jurisdiction *sua sponte*.  *See Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir. 1988) ("[D]efects in subject matter jurisdiction cannot be waived by the parties and may be addressed by a court on its own motion at any stage of the proceedings.").

On June 11, 2014, the Court entered an "Order to Show Cause & Expedited Briefing Schedule" (*see* Doc. # 142) – requiring that Third-Party Plaintiffs respond, in writing, to show cause as to why the Court has subject matter jurisdiction over the Third-Party Complaint; the order allowed Bleim to respond to Third-Party Plaintiffs' response, but he did not do so.

Third-Party Plaintiffs fail to establish that the Court has subject matter jurisdiction of their claims.

Because the Court lacks subject matter jurisdiction over Third-Party Plaintiffs' claims, the Amended Third-Party Complaint (Doc. # 41) is **DISMISSED WITHOUT PREJUDICE**.  Third-Party Plaintiffs' Motion for Summary Judgment on their Breach of

Covenant Not to Compete claim (Doc. # 118) is **MOOT**.

II.   DISCUSSION

On November 24, 2010, Plaintiffs filed this action (the "Original Action") against Donn Dumouchelle, Linda Dumouchelle, and the Michigan corporation Custom Resins, Inc. ("CR Michigan"; "Defendants"); Plaintiffs filed an Amended Complaint in the Original Action on November 4, 2011.  Before the action was commenced, Mr. Dumouchelle was a manufacturer's sales representative for Plaintiffs.  Plaintiffs say Mr. Dumouchelle breached an Independent Contractor Agreement and Agent Agreement by failing to perform his obligations, by removing their trade secrets and confidential information, and by failing to relinquish ownership and control of CR Michigan.  Plaintiffs' other claims against Defendants are based on the contractual relationship between Mr. Dumouchelle and Plaintiffs, as well as Plaintiffs' trade secrets and confidential information.

For diversity jurisdiction purposes, Plaintiffs are citizens of New Jersey and Kentucky, and Defendants are citizens of Michigan.  The Court has diversity jurisdiction of the Original Action under 28 U.S.C. § 1332.

On July 25, 2011, Donn Dumouchelle and CR Michigan ("Third-Party Plaintiffs") filed an Amended Third-Party Complaint against Jeremy Bleim, alleging that: (1) Bleim began working for CR Michigan in November 2009 as a sales associate; (2) Bleim and CR Michigan entered into an Employment Agreement, a Trade Secret and Confidentiality Agreement, and a Covenant Not to Compete ("the Agreements"); (3) in September 2010, Bleim's employment with CR Michigan was terminated; and (4) Bleim

began working for Plaintiffs the same day he was terminated by CR Michigan.

The Third-Party Complaint contains three causes of action against Bleim: (1) Breach of Covenant not to Compete; (2) Misappropriation of Trade Secrets under the Michigan Uniform Trade Secrets Act, Mich. Comp. Laws 445.1901, *et seq.*; and (3) Conversion. Each Third-Party claim arises under state law and is based on Bleim's actions in connection to his employment with, and termination from, CR Michigan, and his alleged breach of the Agreements.

Although the Court has jurisdiction of the Original Action, it must also have jurisdiction of the Third-Party Complaint. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 66, n.1 (1996) ("Once federal subject matter jurisdiction is established over the underlying case between [plaintiff] and [defendant], the jurisdictional propriety of each additional claim is to be assessed individually. Thus, assuming that jurisdiction is based upon diversity of citizenship between [plaintiff] and [defendant], the question concerning impleader is whether there is a jurisdictional basis for the claim by [defendant] against [third-party defendant]….")(citation omitted).

The Amended Third-Party Complaint alleges that the Court has supplemental jurisdiction of the Third-Party Complaint under 28 U.S.C. § 1367.

On June 11, 2014, the Court entered an order requiring Third-Party Plaintiffs to "show cause as to why the Court has jurisdiction of the Third-Party Complaint." The order warned that "[i]f Third-Party Plaintiffs fail to establish that the Court has jurisdiction of their claims against Bleim, the Court will dismiss the Third-Party Complaint for lack of jurisdiction."

Third-Party Plaintiffs responded to the show cause order on June 16, 2014.

4

(Doc. # 144). Their response consists of three short paragraphs:

> 1. Third-Party Plaintiff concedes that separate diversity jurisdiction between the parties in the Third-Party Complaint does not exist.
>
> 2. Third-Party Plaintiff states that, although it believes that the Court has supplemental jurisdiction over the Third-Party Complaint, it will not contest this Court's discretionary power to decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367.
>
> 3. Third-Party Plaintiff requests, however, that, if the Court exercises its discretion to dismiss the Third-Party Complaint, the Order of Dismissal expressly indicates that the dismissal is without prejudice because there has been no adjudication of any of the merits of the Third-Party Complaint and that the dismissal is subject to the tolling provisions of 28 U.S.C. § 1367(d).

Third-Party Plaintiffs' response fails to establish that the Court has subject matter jurisdiction of their claims. For several reasons, the Court does not have subject matter jurisdiction of the Third-Party Complaint.

First, under Fed. R. Civ. P. 14(a), a defendant may only bring a third-party claim against "a nonparty who is or may be liable to it for all or part of the claim against it." The Third-Party Complaint does not contain an allegation, or any cause of action, showing that Bleim is "a nonparty who is or may be liable to it for all or part" of Plaintiffs' claims against Third-Party Plaintiffs in the Original Action. Rather, Third-Party Plaintiffs' claims against Bleim are independent of Plaintiffs' claims alleged in the Original Action, and even if Bleim is found liable under the Third-Party Complaint, he would not be liable for any of Plaintiffs' claims in the Original Action. Moreover, Count I (Breach of Covenant Not to Compete) and Count II (Misappropriation of CR Michigan's Trade Secrets) of the Third-Party Complaint do not seek damages. The only damages Third-

Party Plaintiffs seek are for Bleim's alleged conversion of their personal property under Count III. The Court finds that Third-Party Plaintiffs improperly brought its claims against Bleim in a third-party complaint.

Second, the Court only has supplemental jurisdiction over claims that "form part of the same case or controversy" as matters arising under original jurisdiction. 28 U.S.C. § 1367(a); *see also Packard v. Farmers Ins. Co. Of Columbus Inc.*, 423 Fed. Appx. 580, 583 (6th Cir. 2011). "Claims form part of the same case or controversy when they derive from a common nucleus of operative facts." *Packard*, 423 Fed. Appx. at 583 (quoting *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004)). This requirement is met when the claims "arise from the same contract, dispute, or transaction." *Id.* (citations omitted).

Third-Party Plaintiffs' claims against Bleim arise from different contracts than Plaintiffs' claims in the Original Action; they arise from wholly different disputes than the claims in the Original Action; and, they do not arise from the same transactions as the claims in the Original Action. Thus, Third-Party Plaintiffs' claims do not "derive from a common nucleus of operative facts" as the Original Action. *See id.* Because Third-Party Plaintiffs' claims do not "form part of the same case or controversy" as the Original Action, *see id.*, the Court cannot exercise supplemental jurisdiction over the Third-Party Complaint. *See* 28 U.S.C. § 1367(a).

Last, because Bleim is a citizen of Michigan for diversity jurisdiction purposes, complete diversity does not exist between Third-Party Plaintiffs – as citizens of Michigan – and Bleim. As Third-Party Plaintiffs concede, the Court does not have separate diversity jurisdiction of the Third-Party Complaint under 28 U.S.C. § 1332.

### III. CONCLUSION

The Amended Third-Party Complaint is **DISMISSED WITHOUT PREJUDICE**.

Third-Party Plaintiffs' Motion for Summary Judgment is **MOOT**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  June 23, 2014

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 23, 2014.
>
> s/Linda Vertriest
> Deputy Clerk